Submitted May 2, affirmed May 11, 1972

CANTRALL (No. 71-519E), *Appellant, v.* STATE
ACCIDENT INSURANCE FUND, *Respondent.*
496 P2d 929

Glenn D. Ramirez and Ramirez & Hoots, Klamath
Falls, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

## PER CURIAM.

Claimant appeals from a circuit court order which affirmed the Workmen's Compensation Board and a hearing officer's determination that claimant should be awarded 48 degrees on account of permanent partial disability. Claimant asserts that he should have been allowed permanent total disability, and that the Fund should be required to pay expert witness fees for a physician he called as a witness. He says that he notified the Fund that he intended to call the physician if it would pay for the same, and that it made no objection.

■ The evidence shows the defendant had a pre-existing degenerative condition of the cervical spine and that as he worked as a cleanup man at a lumber mill he was struck on the head by a peeler log with resulting disability stemming from a neck injury which made him incapable of doing any work. His testimony was sharply controverted by other evidence, including medical. The claimant had made no effort to seek further employment after the injury. The hearing officer raised from 16 degrees to 48 degrees the allowance for partial disability. He saw and heard the witnesses. A question of credibility is involved. The case in this regard is controlled by *Wilson v. Gilchrist Timber Co.*, 6 Or App 104, 487 P2d 104 (1971).

■ With reference to the claim for expert witness fees we agree with the circuit court when it stated in its opinion:

"* * * * *

"The matter of the payment of witness fees for Dr. Lilly for his appearance before the Hearing Officer was not properly before the Board and at the time of the hearing counsel for the Claimant stated that he was questioning Dr. Lilly 'not in the nature of cross examination no.' It would, therefore, appear that Dr. Lilly was the Claimant's witness; hence, the granting of the Order of October 11, 1971 [striking the matters relating to the claim for witness fees], was proper.

"* * * * *"

Affirmed.